UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MIDWEST CONSTRUCTION SERVICES, INC., dba TRILLIUM CONSTRUCTION SERVICES, <br><br>   Plaintiff, <br><br> v. <br><br> WENDT, LLP, et al. <br><br>   Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br> Case No. 3:23-cv-00046-JZ <br><br> Judge Jack Zouhary <br> Magistrate Judge Darrell A. Clay |

## ANSWER TO CROSS-CLAIM

COMES NOW Defendant Wendt, LLP ("Wendt"), by and through its attorneys Sandberg Phoenix & von Gontard P.C. and Schwandner Law, and for its Answer to the Cross-Claim Complaint of Co-Defendant Roeslein & Associates, Inc. ("Roeslein"), states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Roeslein is a Missouri corporation with its principal place of business in St. Louis, Missouri.

   **ANSWER:** Admitted.

2. Wendt is an Indiana limited liability partnership with its principal office in Wabash, Indiana.

   **ANSWER:** Admitted.

3. Upon information and belief, Defendant Wendt has two partners: Randy Wendt and Michael Wendt, both of whom are citizens of Indiana.

   **ANSWER:** Admitted.

24033903.v1

4. This Court has supplemental jurisdiction over this crossclaim under 28 U.S.C. § 1367(a) because the claims in this crossclaim are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

**ANSWER: The allegations in this paragraph state and/or call for legal conclusions such that no response is required. To the extent a response is required, Wendt denies them.**

## GENERAL ALLEGATIONS

### *Wendt agreed to indemnify Roeslein*

5. Roeslein is an engineering and construction firm that designs, engineers, and constructs aluminum can-making and industrial plants around the world.

**ANSWER: Admitted.**

6. As part of its business, Roeslein routinely hires subcontractors to perform work on its projects.

**ANSWER: Based on information and belief, admitted.**

7. In March 2021, Roeslein was hired to construct a canning plant in Huron, Ohio ("Project").

**ANSWER: Admitted.**

8. To aid in the Project, Roeslein solicited bids from several subcontractors.

**ANSWER: Wendt is without sufficient information to admit or deny the allegations in this paragraph and therefore denies them.**

9. On June 24, 2021, Wendt responded to the invitations to bid and sent Roeslein bids to serve as a subcontractor for two parts of the Project: (1) rigging installation and (2) structural mezzanine installation.

24033903.v1

**ANSWER:** **Admitted.**

10. Roeslein accepted the lump sum bids and sent Wendt two purchase orders, one on August 12, 2021 (rigging installation) and the other on September 15, 2021 (mezzanine installation), both of which state that the purchase orders are subject to the enclosed terms and conditions (collectively, the "Agreements"). Copies of the Agreements are attached as *Exhibit A*.

**ANSWER:** **Wendt admits Roeslein accepted Wendt's bids and sent it purchase orders on the on or about the dates alleged in this Paragraph. Wendt states the purchase orders and Agreements are the best evidence of their contents and denies all remaining allegations of this Paragraph to the extent they are inconsistent therewith or are legal conclusions.**

11. The terms and conditions are identical for both Agreements.

**ANSWER:** **Admitted.**

12. The Agreements contain two indemnity provisions: (1) the Lien Indemnity Provision and (2) the General Indemnity Provision.

**ANSWER:** **Wendt states the Agreements are the best evidence of their contents and denies all allegations of this Paragraph to the extent they are inconsistent therewith or are legal conclusions.**

13. First, under the Lien Indemnity Provision, Wendt agreed to keep any and all personal property of Roeslein and Roeslein's customers, and to deliver its work on the Project, "clear of any and all security interests, liens, claims and encumbrances of any kind or nature arising out of or resulting from the performance of the Work by [Wendt]." *Ex. A*, Terms and Conditions (T&C), § 21(a).

**ANSWER:** **Wendt states the Agreements are the best evidence of their contents and**

24033903.v1

**denies all allegations of this Paragraph to the extent they are inconsistent therewith or are legal conclusions.**

14. If any such lien, claim, security interest or encumbrance is filed, Wendt agreed to promptly cause it to be removed without cost to Roeslein. *Id*.

**ANSWER: Wendt states the Agreements are the best evidence of their contents and denies all allegations of this Paragraph to the extent they are inconsistent therewith or are legal conclusions.**

15. Wendt agreed to indemnify and defend Roeslein from and against any and all claims and damages that either directly or indirectly arise out of or result from such liens, claims or encumbrances:

> Vendor shall protect, defend and indemnify Roeslein, Roeslein's affiliates and the directors, officers, employees, agents and representatives of Roeslein and Roeslein's affiliates from and against any and all claims, losses, damages, costs, actions, judgments, expenses and liabilities of every kind and nature whatsoever (including, but not limited to, attorneys' fees and costs and expenses of the preceding) which, either directly or indirectly, arise out of or result from such liens, claims or encumbrances.

*Ex. A*, T&C, § 21(a).

**ANSWER: Wendt states the Agreements are the best evidence of their contents and denies all allegations of this Paragraph to the extent they are inconsistent therewith or are legal conclusions.**

16. Second, and more broadly, under the General Indemnity Provision, Wendt agreed to indemnify and defend Roeslein from and against any and all claims, losses, damages, costs, liabilities, and expenses (including attorneys' fees) that either directly or indirectly are in any way connected with, arise out of or result from the performance of the work on the Project by Wendt or Wendt's actual or alleged breach of its obligations or warranties under the Agreements,

4

including, but not limited to, but not limited to, actual or alleged bodily injury (including death) or loss or damage to any property arising out of or resulting from any act or omission, negligent or otherwise, on the part of Wendt, Wendt's subcontractors. Ex. A, T&C, § 23(a).

**ANSWER:** **Wendt states the Agreements are the best evidence of their contents and denies all allegations of this Paragraph to the extent they are inconsistent therewith or are legal conclusions.**

*Wendt hires subcontractor Trillium to work on the Project*

17. Under the Agreements, Wendt must receive Roeslein's prior written consent before subcontracting for the performance of work subject to the Agreements. *Ex. A*, T&C, § 9(a).

**ANSWER:** **Wendt states the Agreements are the best evidence of their contents and denies all allegations of this Paragraph to the extent they are inconsistent therewith or are legal conclusions.**

18. Under the Agreements, Wendt is fully responsible to Roeslein for the acts and omissions of its subcontractors and of persons either directly or indirectly employed by its subcontractors as well as for its own acts and omissions. Ex. A, T&C, § 9(c).

**ANSWER:** **Wendt states the Agreements are the best evidence of their contents and denies all allegations of this Paragraph to the extent they are inconsistent therewith or are legal conclusions.**

19. The Agreements require Wendt to supervise and be responsible for the coordination and proper performance of all work of its subcontractors. Ex. A, T&C, § 9(e).

**ANSWER:** **Wendt states the Agreements are the best evidence of their contents and denies all allegations of this Paragraph to the extent they are inconsistent therewith or are legal conclusions.**

5

20. The Agreements also state that Wendt must require any subcontractor it hires to be bound to Wendt by the terms of the Agreements and to assume towards Wendt all the obligations and responsibilities that Wendt assumes towards Roeslein under the Agreements. Ex. A, T&C,§ 9(f).

**ANSWER: Wendt states the Agreements are the best evidence of their contents and denies all allegations of this Paragraph to the extent they are inconsistent therewith or are legal conclusions.**

21. By October 2021, it became clear that Wendt's work on the Project was behind schedule and that Wendt did not have the internal resources to adequately staff its work on the Project.

**ANSWER: Denied.**

22. As a result, Wendt hired a subcontractor, Midwest Construction Service, Inc. d/b/a Trillium Construction Services, to perform work on the Project.

**ANSWER: Wendt admits it hired Trillium to provide additionally labor for the Project but denies the remaining allegations in this Paragraph.**

*Wendt defaults, and Roeslein terminates the Agreements*

23. Together with Wendt's responsibility for the actions of its subcontractors, the Agreements required Wendt to have complete charge and control of its employees and those of its subcontractors engaged in the performance of work under the Agreements, and to maintain strict discipline and order among its employees and employees of its subcontractors. Ex. A, T&C, § 8.

**ANSWER: Wendt states the Agreements are the best evidence of their contents and denies all allegations of this Paragraph to the extent they are inconsistent therewith or are legal conclusions.**

24033903.v1

24. The Agreements provide that Wendt's failure to comply strictly with any of the provisions in the Agreements constitutes a default under the Agreements. Ex. A, T&C, § 31(a)(2).

**ANSWER: Wendt states the Agreements are the best evidence of their contents and denies all allegations of this Paragraph to the extent they are inconsistent therewith or are legal conclusions.**

25. If Wendt defaults on the Agreements, Roeslein is entitled to terminate the Agreements immediately upon written notice to Wendt. Ex. A, T&C, § 31(a).

**ANSWER: Wendt states the Agreements are the best evidence of their contents and denies all allegations of this Paragraph to the extent they are inconsistent therewith or are legal conclusions.**

26. In the early morning of April 1, 2022, while Trillium was performing work on the Project for Wendt, police arrived at the Project's worksite and arrested two of Trillium's employees for dealing narcotics at the worksite.

**ANSWER: Wendt is without sufficient information to admit or deny the allegations in this Paragraph and therefore denies them.**

27. Upon information and belief, Trillium's employees had been dealing narcotics at the worksite on more than one occasion.

**ANSWER: Wendt is without sufficient information to admit or deny the allegations in this Paragraph and therefore denies them.**

28. When notified about the arrests of Trillium's employees, Roeslein terminated Wendt and Trillium from the Project.

**ANSWER: Wendt admits Roeslein purported to terminate the Agreements with Wendt, but Wendt lacks sufficient information to admit or deny the remaining**

**allegations in this Paragraph and therefore denies them. Answering further, Wendt denies Roeslein perfected its purported termination within the requirements of the Agreements.**

29. Roeslein terminated the Agreements with Wendt due to Wendt's default under and breach of the Agreements.

**ANSWER: Denied.**

*Wendt fails to pay Trillium; Trillium files a mechanics' lien and this action*

30. After Roeslein terminated Wendt and Trillium, Wendt failed to pay Trillium for the work Trillium performed for Wendt on the Project.

**ANSWER: Wendt denies the allegations in this Paragraph to the extent it implies Trillium was due any further payment by Wendt.**

31. On April 5, 2022, Trillium filed and recorded its Affidavit for Mechanics' Lien in the Erie County Recorder's office for $126,731.50 in Ohio.

**ANSWER: Wendt is without sufficient information to admit or deny the allegations in this Paragraph and therefore denies them.**

32. Despite demands from Roeslein to remove the Trillium lien as required under the Agreements, Wendt has failed to do so, and the mechanics' lien is still in place.

**ANSWER: Denied.**

33. On January 10, 2023, Trillium filed this action against Wendt, Roeslein, and Traveler's.

**ANSWER: Admitted.**

34. In Count I of this action, Trillium alleges that Wendt breached its Agreement by failing and refusing to pay Trillium for its services on the Project. Doc. 1-1, ¶¶ 16–18.

**ANSWER: Wendt states Trillium's Complaint is the best evidence of its contents and denies all allegations of this Paragraph to the extent they are inconsistent therewith or are legal conclusions.**

35. In Count II, Trillium alleges Wendt and Roeslein were unjustly enriched by Trillium's work on the project and Wendt's failure to pay Trillium for the same. Doc. 1-1, ¶¶ 19–22.

**ANSWER: Wendt states Trillium's Complaint is the best evidence of its contents and denies all allegations of this Paragraph to the extent they are inconsistent therewith or are legal conclusions.**

36. In Count V, Trillium seeks to validate its mechanic's lien on the property and foreclose on the surety bond.

**ANSWER: Wendt states Trillium's Complaint is the best evidence of its contents and denies all allegations of this Paragraph to the extent they are inconsistent therewith or are legal conclusions.**

37. As a result of Wendt's breach of the Agreements and failure to pay its subcontractor Trillium, Roeslein is forced to defend against Trillium's claims in this action.

**ANSWER: Denied.**

38. The claims Trillium filed in this action against Roeslein are either directly or indirectly connected with, arise out of, or result from (1) Wendt's performance of work on the Project, (2) Wendt's actual or alleged breach of its obligations or warranties under the Agreements, or (3) the liens, claims or encumbrances filed by Trillium that Wendt failed to promptly remove as required by the Agreements.

**ANSWER: Wendt states the allegations in this Paragraph state and/or call for legal**

**conclusions such that no response is required.  To the extent a response is required, Wendt denies them.**

39. Under the Lien Indemnity Provision or the General Indemnity Provision of the Agreements, Wendt is required to indemnify Roeslein from and against any and all claims, losses, damages, costs, actions, judgments, expenses and liabilities of every kind and nature whatsoever (including, but not limited to, attorneys' fees and costs and expenses of defense) in this action, which are ongoing.

**ANSWER:	Wendt states the Agreements are the best evidence of their contents and denies all allegations of this Paragraph to the extent they are inconsistent therewith or are legal conclusions.**

## COUNT I

### *Indemnification*

40. Roeslein realleges the general allegations in paragraph 1–39.

**ANSWER:	Wendt restates and incorporates its answers to all prior Paragraphs.**

41. Wendt and Roeslein entered into valid and binding contracts (the Agreements as defined above).

**ANSWER:	Admitted.**

42. Under the Agreements, Wendt agreed to indemnify Roeslein in two ways.

**ANSWER:	Wendt states the Agreements are the best evidence of their contents and denies all allegations of this Paragraph to the extent they are inconsistent therewith or are legal conclusions.**

43. First, under the Lien Indemnity Provision of the Agreements, Wendt agreed to keep any and all personal property of Roeslein and Roeslein's customers, and to deliver its work, free

and clear of any and all security interests, liens, claims and encumbrances of any kind or nature arising out of or resulting from the performance of the work by Wendt. *Ex. A*, T&C, ¶ 21(a).

> **ANSWER:  Wendt states the Agreements are the best evidence of their contents and denies all allegations of this Paragraph to the extent they are inconsistent therewith or are legal conclusions.**

44.     If any such lien, claim, security interest, or encumbrance is filed, Wendt agreed to promptly cause it to be removed without cost to Roeslein. *Id*.

> **ANSWER:  Wendt states the Agreements are the best evidence of their contents and denies all allegations of this Paragraph to the extent they are inconsistent therewith or are legal conclusions.**

45.     Under the Lien Indemnity Provision, Wendt agreed to protect, defend and indemnify Roeslein, Roeslein's affiliates and the directors, officers, employees, agents and representatives of Roeslein and Roeslein's affiliates from and against any and all claims, losses, damages, costs, actions, judgments, expenses and liabilities of every kind and nature whatsoever (including, but not limited to, attorneys' fees and costs and expenses of the preceding) which, either directly or indirectly, arise out of or result from such liens, claims or encumbrances. *Id*.

> **ANSWER:  Wendt states the Agreements are the best evidence of their contents and denies all allegations of this Paragraph to the extent they are inconsistent therewith or are legal conclusions.**

46.     Second, under the General Indemnity Provision of the Agreements, Wendt agreed protect, defend and indemnify Roeslein, Roeslein's affiliates and the directors, officers, employees, agents and representatives of Roeslein and its affiliates from and against any and all claims, losses, damages, costs, actions, judgments, expenses and liabilities of every kind and nature

11

whatsoever (including, but not limited to, attorneys' fees and costs and expenses of defense), which, either directly or indirectly, are in any way connected with, arise out of or result from the performance of the work or Wendt's actual or alleged breach of its obligations or warranties under the Agreements including, but not limited to, actual or alleged bodily injury (including death) or loss or damage to any property arising out of or resulting from any act or omission, negligent or otherwise, on the part of Vendor, Vendor's subcontractors or any of their officers, employees, agents or representatives. *Ex. A*, T&C, § 23(a).

> **ANSWER:** **Wendt states the Agreements are the best evidence of their contents and denies all allegations of this Paragraph to the extent they are inconsistent therewith or are legal conclusions.**

47. As noted above, Wendt defaulted under and breached the Agreements by failing to keep strict discipline and control over its subcontractor Trillium, resulting in the arrest of two Trillium employees at the Project's worksite for dealing narcotics.

> **ANSWER:** **Denied.**

48. Wendt has failed and refused to pay Trillium for its work on the Project, resulting in Trillium filing a lien and this action against Roeslein.

> **ANSWER:** **Wendt denies the allegations in this Paragraph to the extent it implies Trillium was due any further payment by Wendt.**

49. Roeslein is now required to defend against Trillium's claims and, despite denying the substance of those claims, may be found liable for damages.

> **ANSWER:** **Wendt states the allegations in this Paragraph call for and/or state legal conclusions such that no response is required. To the extent a response is required, Wendt denies them.**

24033903.v1

50. Roeslein has already suffered damages by spending time and money (attorneys' fees) defending this action.

**ANSWER: Denied.**

51. Those damages are ongoing and will continue to rise.

**ANSWER: Denied.**

52. The claims Trillium filed in this action against Roeslein either directly or indirectly are connected with, arise out of, or result from (1) Wendt's performance of work on the Project, (2) Wendt's actual or alleged breach of its obligations or warranties under the Agreements, or (3) the liens, claims or encumbrances filed by Trillium that Wendt failed to promptly remove as required by the Agreements.

**ANSWER: Denied.**

53. Under the Lien Indemnity Provision or the General Indemnity Provision of the Agreements, Wendt is required to indemnify Roeslein from and against any and all claims, losses, damages, costs, actions, judgments, expenses and liabilities of every kind and nature whatsoever (including, but not limited to, attorneys' fees and costs and expenses of defense) in this action.

**ANSWER: Denied.**

54. To the extent Roeslein is found liable to Trillium in this action, Wendt is required to indemnify Roeslein for any damages that result.

**ANSWER: Denied.**

**ANSWERING FURTHER, Wendt denies each and every fact and prayer for relief stated in Roeslein's "Wherefore" Paragraph for Count I.**

24033903.v1

## COUNT II

### *Declaratory Judgment*

55. Roeslein realleges the general allegations in paragraphs 1–54.

**ANSWER: Wendt restates and incorporates its answers to all prior Paragraphs.**

56. There is a dispute between Wendt and Roeslein as to whether Wendt is required to indemnify Roeslein in this action.

**ANSWER: Wendt states the allegations in this Paragraph call for and/or state legal conclusions such that no response is required. To the extent a response is required, Wendt denies them.**

57. Roeslein has already incurred attorneys' fees and other costs as a result of this action.

**ANSWER: Wendt is without sufficient information to admit or deny the allegations in this Paragraph and therefore denies them.**

58. Thus, there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER: Wendt states the allegations in this Paragraph call for and/or state legal conclusions such that no response is required. To the extent a response is required, Wendt denies them.**

59. Under 28 U.S.C. § 2201, the Court, "upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

**ANSWER: Wendt states the statute speaks for itself and denies all allegations of this Paragraph to the extent they are inconsistent therewith or are legal conclusions.**

24033903.v1

**ANSWERING FURTHER, Wendt denies each and every fact and prayer for relief stated in Roeslein's "Wherefore" Paragraph for Count I.**

**ANSWERING FURTHER, Wendt denies all allegations herein not expressly admitted.**

## AFFIRMATIVE DEFENSES

COMES NOW Defendant Wendt and for its Affirmative Defenses to the Cross-Claim Complaint of Co-Defendant Roeslein, states as follows:

1. To the extent that Roeslein was damaged as a result of Trillium having filed a mechanic's lien action, such damages were brought about by Roeslein's failure to pay Wendt for Trillium's work.

2. Roeslein's failure to pay Wendt, including for Trillium's work, was a breach of the Agreements between Roeslein and Wendt. Among other breaches, Roeslein did not terminate the Agreements due to any default by Wendt. Roeslein terminated the Agreements for convenience, self-interest, or another reason other than a default by Wendt. Therefore, Roeslein is not entitled to indemnity under the Agreements because Roeslein committed the first material breach of the Agreements between Wendt and Roeslein relating to the Project in that Roeslein has failed to pay Wendt for work performed prior to termination.

3. If Roeslein was damaged, which Wendt specifically denies, any alleged damages were caused by acts or omissions of third parties and/or unforeseeable events beyond Wendt's reasonable control or contractual obligations.

4. If Roeslein was damaged, which Wendt specifically denies, those damages should be diminished due to Roeslein's unjust enrichment. Wendt provided work on the Project which is

still unpaid which, upon information and belief, exceeds any entitlement to indemnity Roeslein may have against Wendt under the Agreements between them.

5. Wendt is entitled to an offset of any judgment in the amount of any compensation Roeslein has received from any source.

6. Wendt specifically reserves the right to assert any additional affirmative defenses or avoidances available under the applicable laws that may become known through the course of discovery and litigation of this matter.

WHEREFORE, Wendt respectfully requests this Court dismiss Roeslein's Cross-Claim Complaint, with prejudice, with attorneys' fees and costs awarded to Wendt, with any additional orders as this Court deems just and equitable.

> Respectfully submitted,
>
> SANDBERG PHOENIX & von GONTARD P.C.
>
> By: */s/ M. Quinn Murphy*
> M. Quinn Murphy, MO #54451
> 600 Washington Avenue - 15th Floor
> St. Louis, MO 63101-1313
> 314-231-3332
> 314-241-7604 (Fax)
> qmurphy@sandbergphoenix.com
>
> Ross A. Boden, MO #63453
> Tyler M. Waugh, MO #71305
> 4600 Madison Avenue, Suite 1000
> Kansas City, MO 64112
> 816-627-5332
> 816-627-5532 (Fax)
> rboden@sandbergphoenix.com
> twaugh@sandbergphoenix.com
>
> and

24033903.v1

        SCHWANDNER LAW FIRM LLC
Nicholas W. Schwandner (0086471)
119 E. Court St., Suite 504
Cincinnati, OH 45202
513-429-4099
513-772-7904

*Attorneys for Defendant Wendt, LLP*

## Certificate of Service

    I hereby certify that on September 26, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system to all counsel of record.

        */s/ M. Quinn Murphy*

24033903.v1